UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


DAVID EDISON,

                Plaintiff,


vs.                          Case No.  2:04-cv-157-FtM-99SPC


STATE OF FLORIDA; DON HUNTER,
individually and in his official
capacity as Sheriff of Collier
County, Florida; JAMES J. CRENSHAW,
individually and in his official
capacity as an employee of the
Collier County Sheriff's Office;
JOHN D. HISLER, individually and in
his official capacity as an
employee of the Collier County Sheriff's
Office; WILLIE STRICKLAND,
individually and in his official
capacity as an employee of the
Collier County Sheriff's Office;
AMIRA SWETT, individually and in his
official capacity as an employee of
the Collier County Sheriff's Office;
OTHER UNKNOWN JOHN AND JANE DOE
EMPLOYEES; and JERRY SLOAN,

                Defendants.

_____


## OPINION AND ORDER

      This matter comes before the Court on the following Motions to

dismiss: (1) Defendant Hunter's Motion to Dismiss (Doc. #31); (2)

Defendant Crenshaw's Motion to Dismiss (Doc. #32); (3) Defendant

Strickland's Motion to Dismiss (Doc. #33); and (4) Defendants State

of Florida and Amira Fox's (f/k/a Swett) Motion to Dismiss (Doc.

#34).  Plaintiff has not responded to any of the motions despite this Court's instructions to do so.  (Docs. #36, 45.)

**I.**

Plaintiff David Edison (plaintiff or Edison) is an inmate currently incarcerated in the Federal penal system and is proceeding *pro se* in his lawsuit involving a state court criminal prosecution.  Edison alleges that "sometime during 1998, the exact dates and times . . . unknown" through as late as "mid-year of 1999" defendants conspired to fabricate evidence and testimony against him in order to arrest and charge him for the murder of Janice Fasion and the attempted murder of Jerry Sloan ("Sloan").  (Doc. #1, ¶¶ 22-30.)  On March 23, 2001, Edison was found not guilty of both charges by a jury.  (Id. at ¶ 34.)

On March 17, 2004, plaintiff filed a four-count Complaint (Doc. #1) against eight defendants, including unnamed John and Jane Does.  The Complaint asserts that there are seven causes of action (Doc. #1, p. 4), although only four counts are actually set forth.  Read liberally, Count One alleges claims under 42 U.S.C. § 1983 for conspiracy to violate plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights; Count Two alleges a state law claim of malicious prosecution and false imprisonment; Count Three alleges a state law claim of intentional infliction of emotional distress; and Count Four alleges a state law claim for negligence.  Plaintiff names as defendants Don Hunter ("Hunter"), the Sheriff of Collier

-2-

County, in his official and individual capacities; James Crenshaw
("Crenshaw"), John D. Hisler ("Hisler"), and Willie Strickland
("Strickland"), deputies of the Collier County Sheriff's Office, in
their official and individual capacities; Amira Swett Fox ("Fox"),
an Assistant State's Attorney who was the lead prosecutor in the
murder case against Edison, in her official and individual
capacities; the State of Florida; Jerry Sloan, the victim of the
attempted murder; and unnamed John and Jane Does, employees of the
Sheriff's Office of the State Attorney's Office.

## II.

In deciding a motion to dismiss, the Court must accept all
factual allegations in a complaint as true and take them in the
light most favorable to plaintiffs.  Christopher v. Harbury, 536
U.S. 403, 406 (2002).  A complaint should not be dismissed unless
it appears beyond doubt that plaintiffs can prove no set of facts
that would entitle them to relief.  Conley v. Gibson, 355 U.S. 41,
45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268
F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading
requirements of Fed. R. Civ. P. 8, a complaint simply must give the
defendant fair notice of what the plaintiff's claim is and the
grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S.
506, 512 (2002).  Because Plaintiff is proceeding pro se, his
pleadings are held to a less stringent standard than pleadings
drafted by an attorney and will be liberally construed.  Hughes v.

-3-

Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs' complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

### III.

The Complaint alleges that defendants fabricated a murder for hire conspiracy, recruited Jerry Sloan to give false testimony, prepared false reports and affidavits, threatened to seek the death penalty, and used false and fabricated testimony during plaintiff's trial.  Plaintiff sues Deputies Crenshaw, Hisler and Strickland in both their official and individual capacities, and also sues the Sheriff in his official and individual capacities.

**A. Count One, § 1983 Claims:**

Read liberally, Count One alleges that defendants Crenshaw, Hisler, Strickland and Fox conspired to unlawfully prosecute plaintiff for murder and attempted murder, in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To establish

a claim under 42 U.S.C. § 1983, plaintiff must prove that (1) defendants deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The substantive law is well settled. "Conspiring to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-1284 (11th Cir. 2002). "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." Bailey v. Board of County Comm'rs Of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992)(quoting Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990)). Plaintiff need not produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, but must show some evidence of agreement between the defendants. Rowe, 279 F.3d at 1283-1284. See also Arline v. City of Jacksonville, 359 F. Supp. 2d 1300, 1312 (M.D. Fla. 2005). Circumstantial evidence may be sufficient to establish a conspiracy

-5-

if it proves the existence of the conspiracy.  <u>Burrell v. Board of</u> <u>Trs. of Ga. Military Coll.</u>, 970 F.2d 785, 789 (11th Cir. 1992).

### (1) Official Capacity Claims Against Deputies:

It is well settled that an official capacity suit is essentially a suit against the entity, and is redundant where the entity or its representative is a party to the suit.  <u>McMillian v.</u> <u>Monroe County</u>, 520 U.S. 781, 785 n.2 (1997); <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985); <u>Cooper v. Dillon</u>, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005); <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991).  Accordingly, the § 1983 official capacity claims as to defendants Crenshaw, Hisler[1], and Strickland will be dismissed with prejudice.

### (2) Claims Against Sheriff Hunter:

Sheriff Hunter is not mentioned in Count One, although in Count Four plaintiff asserts that Hunter is liable under *respondeat superior* for the conduct of his deputies.  Viewing the Complaint liberally because of plaintiff's *pro se* status, the Court will assume plaintiff intends to assert liability by Sheriff Hunter as to Count One in both his individual and official capacities, even though not specifically asserted in this count.

Under § 1983, a governmental entity may not be held liable under a theory of *respondeat superior*, but instead may only be held

---

[1]While Hisler has not been served, the Court will dismiss the § 1983 claim in his official capacity because it is unavailable to plaintiff as a matter of law.

liable when its "official policy" causes a constitutional violation. Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff can establish the requisite "official policy" in one of two ways: (1) identifying an officially promulgated policy, or (2) identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity. Grech v. Clayton County, Ga., 335 F.3d 1326, 1320-30 (11th Cir. 2003). Plaintiff must identify the policy or custom which caused his injury so that liability will not be based upon an isolated incident, McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)(citations omitted), and the policy or custom must be the moving force of the constitutional violation. Grech, 335 F.3d at 1330. See also Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

The Complaint is devoid of any allegation that the actions taken against plaintiff in contravention of his constitutional rights were undertaken pursuant to any custom, policy, or practice of Sheriff Hunter or the Sheriff's Office. Therefore Count One will be dismissed against Sheriff Hunter in his official capacity.

Individual liability under § 1983 will exist if a supervisor personally participated in the events, or if there is a causal connection between the action of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). The required causal connection can be

established by a history of widespread abuse or the existence of an improper custom or policy that results in deliberate indifference to a constitutional right. <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." <u>Braddy v. Florida Dep't of Labor & Employment Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998). The mere right to control deputies is not alone sufficient without control or direction over the particular situation at issue. <u>Hardin v. Hayes</u>, 957 F.2d 845, 849-50 (11th Cir. 1992); <u>Geter v. Wille</u>, 846 F.2d 1352, 1355 (11th Cir. 1988). A supervisory official's failure to train subordinates does not result in liability unless the failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which plaintiff complains. <u>Belcher v. City of Foley, Ala.</u>, 30 F.3d 1390, 1397 (11th Cir. 1994). Only when the failure to train amounts to deliberate indifference can it be characterized as a policy or custom that is necessary for § 1983 liability to attach. <u>Id.</u>

The Complaint in this case fails to allege any facts regarding either Sheriff Hunter's individual participation in the events or a causal connection between his actions and the alleged constitutional deprivations. Therefore, Sheriff Hunter will be dismissed from Count One in his individual capacity.

**(3) Individual Capacity Claims Against Deputies and ASA:**

**(a) Statute of Limitations:**

The Deputies and the Assistant State Attorney assert that Count One is barred by the statute of limitations.  The statute of limitations for a § 1983 claim is four years.  <u>City of Hialeah, Fla. v. Rojas</u>, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); <u>Rozar v. Mullis</u>, 85 F.3d 556, 561 (11th Cir. 1996); <u>Baker v. Gulf Western Indus., Inc.</u>, 850 F.2d 1480, 1482 (11th Cir. 1988).  While the underlying events occurred in 1998 and 1999, and the Complaint was not filed until March 17, 2004, the § 1983 cause of action did not accrue until March 23, 2001, when defendant was acquitted of the criminal charges.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  Therefore, Count One is not barred by the statute of limitations.

**(b) Eighth Amendment:**

As a pre-trial detainee, the Eighth Amendment prohibitions against cruel and unusual punishment do not apply to plaintiff.  <u>Cook v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1115 (11th Cir. 2005)(citation and quotation omitted).  Rather, the right against cruel and unusual punishment is premised on the due process clause of the Fourteenth Amendment.  <u>Id.</u> at 1115.  <u>See also Purcell v. Toombs County, Ga.</u>, 400 F.3d 1313, 1318 n.13 (11th Cir. 2005); <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998).  Therefore, all claims in Count One based upon the Eighth Amendment will be dismissed because no claim can be stated under the Eighth Amendment.

**(c) Fifth Amendment:**

The Fifth Amendment's due process clause applies to the federal government, and thus is not applicable to plaintiff's case against state officers.  Instead, plaintiff's due process claims are to be analyzed under the Fourteenth Amendment which, by its own terms, applies against the states.  Therefore all claims in Count One based upon the Fifth Amendment will be dismissed because no claim can be stated under the Fifth Amendment.

**(d) Fourth and Fourteenth Amendments:**

What remains is the claim that defendants conspired to violate plaintiff's Fourth and Fourteenth Amendment rights.  As part of the conspiracy, plaintiff alleges the following conduct:  (1) the defendant deputies agreed "to fabricate a murder for hire conspiracy charge against Plaintiff, and Plaintiff's cousin, Glendell Edison[2], who was employed by the Collier County, Sheriff's Office" (Doc. #1, ¶ 23); (2) the defendant deputies "enlisted the assistance" of defendant Jerry Sloan ("Sloan") including promising to help him obtain a further reduction of his federal prison sentence in exchange for Sloan's assistance in fabricating the

_____

[2]Plaintiff notes that his cousin was also the subject of a criminal investigation conducted by the Internal Affairs Department, of the Collier County Sheriff's Office, which was supervised by Hisler.  The Court takes judicial notice that this resulted in a federal prosecution of Glen Zell Edison, who is currently serving a federal sentence after having been convicted by a jury.  See United States v. Glen Zell Edison, Case No. 2:00-cr-27-FTM-29, United States District Court for the Middle District of Florida, Fort Myers Division.

murder for hire conspiracy charge against plaintiff and his cousin
(Id. at ¶ 24); (3) "on or about December 10, 1998" Crenshaw and
Strickland interviewed plaintiff while he was in federal prison for
the purpose of "fabricating incriminating statements purportedly
made to them by the Plaintiff" (Id. at ¶ 26); (4) "on or about
February 10, 1999" Crenshaw "prepared and signed an official report
of the Collier County Sheriff's Office, which falsely states
Plaintiff had made incriminating statements on December 10, 1998,
and on December 22, 1998, which implicated Plaintiff and the
Plaintiff's cousin, Glendell Edison" in the subject murder and
attempted murder (Id. at ¶ 27); (5) Fox shared the evidence and
story allegedly fabricated by the deputies with her superiors and
advised them that criminal charges should be brought against
plaintiff when she knew or should have known that the evidence was
fabricated (Id. at ¶ 28); (6) Fox, prior to plaintiff's trial,
"communicated threats to the Plaintiff through his attorneys, that
the State of Florida intended to seek the death penalty unless the
Plaintiff agreed to plead guilty to the charges . . . and gave
substantial assistance to the Collier County Sheriff's Department
in procuring the conviction of . . . Glendell Edison" (Id. at ¶
31); (7) Fox "knowingly used false and fabricated testimony of
prosecution witnesses during Plaintiff's trial, which . . . [she]
knew to be false and fabricated because she had assisted these
witnesses in fabricating their testimony prior to . . . trial" (Id.
at ¶ 32); (8) Crenshaw prepared two affidavits "containing

-11-

statements of fact . . . Crenshaw knew to be patently false, for the purpose of obtaining an arrest warrant that charged the Plaintiff with . . . murder" (Id. at ¶ 29); and (9) Crenshaw falsely testified to those facts to a Collier County Circuit Judge in order to "persuad[e] said judge to issue an arrest warrant charging the Plaintiff with the murder" (Id. at ¶ 30).

### (i) Defendant Fox:

Absolute prosecutorial immunity may be asserted in a Rule 12(b)(6) motion to dismiss, in which case the Court reviews the complaint to determine the "purely legal question" of whether the allegations disclose activities protected by absolute immunity, i.e., whether defendant was performing "prosecutorial functions." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). The factual allegations in the Complaint are accepted as true and it is assumed that the allegations allege constitutional violations for which § 1983 provides a remedy.  Buckley v. Fitzsimmons, 509 U.S. 259, 261 (1993); Rivera v. Leal, 359 F.3d 1350, 1351 (11th Cir. 2004).  The Eleventh Circuit has summarized the relevant legal principles:

> The Supreme Court has repeatedly endorsed the use of a "functional approach" when determining whether a prosecutor is entitled to absolute immunity.  Thus, we look to the nature of the function performed, not the identity of the actor who performed it.  The Court has also explained that the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.
>
> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  The prosecutorial function includes the initiation and pursuit of criminal

> prosecution, and most appearances before the court, including examining witnesses and presenting evidence. The prosecutorial function, however, specifically does not include functioning as either an investigator or a complaining witness.

Rivera, 359 F.3d at 1353 (citations and quotations omitted).

The decision to prosecute is protected by absolute immunity from claims that the decision was malicious and unsupported by probable cause. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). This includes protection for actions preliminary to the initiation of a prosecution and apart from the courtroom, Imbler, 424 U.S. at 431 n.33; Buckley, 509 U.S. at 272-73, and includes interviewing witnesses before charges are filed. Mullinax v. McElhenney, 817 F.2d 711, 715 (11th Cir. 1987). "A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983." Elder v. Athens-Clarke County, Ga. ex rel. O'Looney, 54 F.3d 694, 695 (11th Cir. 1995). Charging a person with a crime in the absence of probable cause is within the scope of a prosecutor's absolute immunity. Rowe v. City of Fort Lauderdale, 279 F.3d at 1281. "A prosecutor is absolutely immune from suit for malicious prosecution." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Similarly, filing criminal charges without investigation is subject to absolute immunity. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984). An allegation that the decision to prosecute was part of a conspiracy

"does not in any manner dilute immunity," and a prosecutor is immune from such malicious prosecution claims. Elder, 54 F.3d at 695; Rowe, 279 F.3d at 1282-83. Conspiring to unlawfully arrest a person while knowing there was no probable cause, and conspiring to unlawfully detain and confine plaintiff are within the protection of absolute immunity. Fullman, 739 F.2d at 558-59.

Applying these principles to the conduct of defendant Fox, the Court concludes that she is entitled to absolute immunity for all her alleged conduct. The conduct attributed to Assistant State Attorney Fox, as summarized above, is well within her function as an advocate for the State of Florida, and was intimately associated with the judicial phase of the process, and therefore cannot be the basis of a § 1983 conspiracy claim. Rowe, 279 F.3d at 1279-83. Therefore, Count One will be dismissed with prejudice as to defendant Fox. Since there is no additional basis for liability by the State of Florida, it will also be dismissed with prejudice as to Count One.

### (ii) Defendants Crenshaw and Strickland:

Defendants Strickland and Crenshaw argue that they are entitled to qualified immunity. The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Passmore Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(discussing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)).

"Qualified immunity protects government officials acting within their discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known." Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Where defendants have shown, as here, that they were engaged in a discretionary function, plaintiff must show that (1) defendants violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation.  Wilson v. Layne, 526 U.S. 603, 609 (1999).  "Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right." Kyle K. v. Chapman, 208 F.3d 940, 942 (11th Cir. 2000).

It was and is well settled that fabricating false evidence, procuring perjury, and creating false reports and affidavits which caused an arrest and prosecution would violate a person's clearly established rights.  E.g., Jones v. Cannon, 174 F.3d 1271, 1289-90 (11th Cir. 1999); Riley v. City of Montgomery, 104 F.3d 1247, 1253 (11th Cir. 1997).  Viewing the facts in the light most favorable to plaintiff, the officers (allegedly) knew the information underlying the case and the arrest warrant was false because they fabricated the entire story and gathered false evidence to support the story through unscrupulous means.  Under these facts, which are presumed

-15-

true at the motion to dismiss stage, the Court cannot dismiss Count One against the officers.

## B. Count Two, Malicious Prosecution and False Imprisonment:

Count Two alleges state law claims of malicious prosecution and false imprisonment against defendants Crenshaw, Hisler, Strickland, and Fox.  Plaintiff asserts that these defendants knew probable cause did not exist to arrest and charge plaintiff with murder and attempted murder, and that they ignored facts indicating his innocence.  The Court will assume that plaintiff intended to name Sheriff Hunter as a defendant in his official capacity, in light of his allegations in Count Four.

Defendant Fox will be dismissed because she is entitled to absolute immunity in connection with her alleged conduct in the prosecution of plaintiff.  Rowe, 279 F.3d at 1281-82; Hansen v. State, 503 So. 2d 1324, 1326 (Fla. 1st DCA 1987).

The Sheriff asserts that Count Two must be dismissed against him in his official capacity because, pursuant to FLA. STAT. § 768.28(9)(a), a Florida Sheriff cannot be liable for the willful and malicious conduct of the employees of the sheriff's office. The relevant portion of FLA. STAT. § 768.28(9)(a) states: "The state of its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of human rights, safety, or property." Counties are political subdivisions for the State of Florida, and

the sheriff is a county official.  Fla. Const. art. VIII, § 1(d).
Assuming the allegations in the Complaint to be true, Count Two
fails to state a cause of action against the Sheriff in his
official capacity because the Complaint sufficiently alleges that
the conduct of the deputies was malicious.  Malice is an essential
element of malicious prosecution, <u>Johnson v. State Dep't Of Health
& Rehabilitative Servs.</u>, 695 So. 2d 927, 930 (Fla. 2d DCA 1997),
and FLA. STAT. § 768.28(9) bars such claims against a Sheriff in his
official capacity.   Therefore, Count Two is dismissed without
prejudice as to defendant Hunter in his official capacity.

The deputies contend that Count Two must be dismissed because
it is barred by FLA. STAT. § 768.28(9)(a).  The relevant portion of
FLA. STAT. § 768.28(9)(a) states:

> No officer, employee, or agent of the state or any of its
> subdivisions shall be held personally liable in tort . .
> . for any injury or damage suffered as a result of any
> act, event, or omission of action in the scope of her or
> his employment or function, unless such officer,
> employee, or agent acted in bad faith or with malicious
> purpose or in a manner exhibiting wanton and willful
> disregard of human rights, safety, or property.

"Under Florida law, an officer may not be held personally liable
for any injury resulting from an act committed in the scope of his
or her employment unless the officer acted with bad faith or with
malicious purpose.   Fla. [Stat.] § 768.28(9)(a)."   <u>Prieto v.
Malgor</u>, 361 F.3d 1313, 1320 (11th Cir. 2004).   Although the
plaintiff did not use the specific words listed in this section,
the Court finds that Count Two satisfies FLA. STAT. § 768.28(9)(a).

The motion will be denied as to Count Two as to the deputies in their personal capacities.

## C. Count Three, Intentional Infliction of Emotional Distress:

The Complaint alleges that as a result of defendants' attempt to unlawfully convict plaintiff and seek the death penalty, he has suffered an extreme amount of mental anguish, and emotional suffering, and was in solitary confinement in the Naples jail for almost nineteen months. Plaintiff seeks to pursue a separate cause of action for intentional infliction of emotional distress.

Defendants Strickland and Crenshaw argue that plaintiff's intentional infliction of emotional distress claim fails as a matter of law because the alleged misconduct was not "outrageous."

Florida recognizes the tort of intentional infliction of emotional distress:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985)(citing Restatement (Second) of Torts § 46 (1965)). To state a claim for intentional infliction of emotional distress under Florida law, the plaintiff must allege: (1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe. Hart v. United States, 894 F.2d

1539, 1548 (11th Cir. 1990)(citing <u>Metropolitan Life Ins. Co. v. McCarson</u>, 467 So.2d at 278).  The outrageousness component of an intentional infliction of emotional distress claim is an exceptionally stringent element, requiring conduct which is so outrageous and extreme as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community.  <u>Id.</u> at 278-79.  <u>See also</u> <u>Vance v. Southern Bell Tel. & Tel. Co.</u>, 983 F.2d 1573, 1575, n.7 (11th Cir. 1993).

Viewing the facts pleaded in Count III in the light most favorable to plaintiff, and drawing all inferences in plaintiff's favor, the Court concludes that the count fails to state a claim. <u>Valdes v. Gab Robins N. Am., Inc.</u>, 924 So. 2d 862, 865-66 (Fla. 3d DCA 2006)(collecting cases).  The motions will be granted as to Count Three.

**D. Count Four, Negligence:**

Plaintiff asserts that under the doctrine of *respondeat superior*, Sheriff Hunter is liable for the "negligent, wilful [sic], malicious, and criminal acts alleged by the Plaintiff in this Complaint to have been committed by" Crenshaw, Hisler, and Strickland.  Sheriff Hunter and the State are the only defendants named in Count Four.

Sheriff Hunter and the State argue that the complaint fails to allege the basic elements of a negligence claim, (Doc. #31, p. 13;

Doc. #34 p. 17), and that Florida law does not recognize a cause of action for "negligent arrest." (Doc. #31, p.13.)  The Court agrees.

Under Florida law, it is well settled that to state a claim for negligence, the plaintiff must allege the existence of a duty, breach of that duty, causation, and damages.  Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182 (Fla. 2003); Superior Garlic Int'l v. E & A Produce Corp., 913 So. 2d 645, 648 (Fla. 3d DCA 2005); Horton v. Freeman, 917 So. 2d 1064, 1066 (Fla. 4th DCA 2006).  "The principle of 'duty' is linked to the concept of foreseeability and may arise from four general sources: (1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." Goldberg v. Fla. Power & Light Co., 899 So. 2d 1105, 1110 (Fla. 2005)(citations omitted).

After careful review of the Complaint, the Court finds that plaintiff has failed to allege the elements required to state a claim for negligence.  Count Four is due to be dismissed.

## IV.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint.  Defendants John D. Hisler, Jerry Sloan and the "other known and unknown John and Jane Doe Employees" have not been served within this time frame, therefore, this matter is clearly subject to dismissal pursuant to the 120-day

provision of Rule 4(m).   The U.S. Marshal's several attempts to effectuate service upon defendants Hisler and Sloan were unsuccessful (Docs. #20 and 21), and plaintiff failed to complete and return the forms to attempt service again after being provided additional time to do so (Doc. #44).   There has been no attempt to serve the various Doe defendants.   Consequently, the Court will dismiss Plaintiff's Complaint without prejudice against Defendants Hisler, Sloan and the Doe defendants pursuant to Fed. R. Civ. P. 4(m).

Accordingly, it is now

**ORDERED:**

1.  Defendant Hunter's Motion to Dismiss (Doc. #31) is **GRANTED** and plaintiff's Complaint against Don Hunter, in his official and individual capacity, is dismissed without prejudice.

2.  Defendant Crenshaw's Motion to Dismiss (Doc. #32) is **GRANTED in part and DENIED in part.**   The case is dismissed with prejudice against James J. Crenshaw in his official capacity. Counts I and II remain against James J. Crenshaw in his individual capacity to the extent plaintiff asserts claims for malicious prosecution, false arrest and/or imprisonment. Count III is dismissed without prejudice.

3.  Defendants Strickland's Motion to Dismiss (Doc. #33) is **GRANTED in part and DENIED in part.** The case is dismissed with prejudice against Willie Strickland in his official capacity.

Counts I and II remain against Willie Strickland in his individual capacity to the extent plaintiff asserts claims for malicious prosecution, false arrest and/or imprisonment.   Count III is dismissed without prejudice.

4.   Defendants State of Florida and Amira Fox's Motion to Dismiss (Doc. #34) is **GRANTED** and plaintiff's Complaint against Amira Fox (f/k/a Swett) and the State of Florida is dismissed with prejudice.

5.   The Unknown John and Jane Doe employees are dismissed without prejudice for failure to identify and serve them in over two years since the filing of this suit.

6.   Plaintiff's Complaint is dismissed without prejudice as to Defendants Hisler and Sloan pursuant to Fed. R. Civ. P. 4(m).

7.   The Clerk shall withhold the entry of judgment until the conclusion of the case but terminate defendants State of Florida, Don Hunter, Hisler, Swett (Fox), Sloan, and the other unknown Doe employees on the docket.

8.   Defendants Crenshaw and Strickland shall file answers to the Complaint within **TWENTY (20) DAYS**.

9.   The plaintiff and defendants Crenshaw and Strickland are directed to confer by U.S. Mail, due to plaintiff's confinement, for the purposes of creating a jointly proposed Case Management Report.   Counsel for defendants shall thereafter file the Case

Management Report within **THIRTY (30) DAYS** of the date of this Order.

      **DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of January, 2007.


                                     JOHN E. STEELE
                                     United States District Judge


Copies:
Parties of record